13-1651-cv
*Wetzel v. Town of Orangetown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
RONNIE ABRAMS,[*]
*District Judge.*

_____

LORRAINE WETZEL,

*Plaintiff-Appellant,*

-v.-                                                    13-1651-cv

TOWN OF ORANGETOWN,

*Defendant-Appellee.*

_____

[*] The Honorable Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANTS:     Law Offices of Maureen McNamara, West Haverstraw, NY.

FOR APPELLEES:     Edward J. Phillips, Keane & Beane, P.C., White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Lorraine Wetzel appeals from a March 18, 2013 Memorandum and Order of the United States District Court for the Southern District of New York (Loretta A. Preska, *J.*) granting summary judgment in favor of Town of Orangetown ("Town"). Specifically, Plaintiff appeals that (1) as a police lieutenant, she is a "salaried employee" under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and that (2) the Town was authorized under 29 C.F.R. § 541.602(b)(5) to dock her vacation accruals for the time she spent attending her own disciplinary hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

Under the FLSA, an individual is considered employed on a "salary basis" if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's

2

compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). In *Auer v. Robbins*, 519 U.S. 452 (1997), the Supreme Court determined that an employee will be found to not have salaried status if "his compensation may 'as a practical matter' be adjusted in ways inconsistent with" the regulation – that is, subject to reduction because of variations in the quality or quantity of the work performed. *Id*. at 455. This is the standard the district court applied in looking at Plaintiff's pay stubs and determining that she was in fact a salaried employee for the purposes of the FLSA. Nothing submitted today, in fact or law, disputes this finding. Accordingly, we affirm the decision of the district court on this issue.

As to salaried employees, the FLSA also permits "unpaid disciplinary suspensions," which must be employed through a "written policy applicable to all employees." 29 C.F.R. § 541.602(b)(5). The Rockland County Police Act, a written policy applicable to all employees of police departments in Rockland County, states that a town "shall have the power to suspend, without pay, pending the trial of charges, any member of such police department." Rockland County Police Act § 7 1936 N.Y. Laws 1263-64. In its decision below, the district court held that the combination of these statutes empowered the Town to dock

Plaintiff's vacation days.  Now, on appeal, Plaintiff argues that the court erred because only the Town Board could authorize deductions of vacation accruals and here "[i]t appears that the Police Chief may have decided to deduct vacation accruals."  (Appellant's Br. at 11-17).

It is a well-established rule that an appellate court will not consider an issue raised for the first time on appeal.  *In re Nortel Networks Corp. Secs. Lit.*, 539 F.3d 129, 132 (2d Cir. 2008).  This general rule, however, can be disregarded in two circumstances: (1) where consideration is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact finding.  *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 1996).  Here, where Plaintiff has failed to raise the issue below; cannot show manifest injustice; and where "it appears" that additional fact-finding "may" certainly be necessary; she has clearly waived the argument.

We have considered all of Plaintiff's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4